IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HORTENSIA MARTINEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-675-XR |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant's motion for summary judgment (Docket Entry No. 9).  Plaintiff has not responded and the time to do so has expired.  Having considered the evidence attached to Defendant's motion, the motion is GRANTED.

**Background**

On November 9, 2005, Ray Huerta executed a promissory note payable to Long Beach Mortgage Company in the amount of $134,300.00[1] secured by a deed of trust for the property located at 345 Babcock Road, San Antonio, Texas 78201.[2]  Ray Huerta defaulted on the note and the loan servicer, Washington Mutual Bank, notified him of the default and his repayment obligations.[3] Defendant JPMorgan Chase Bank, N.A. (JPMC) acquired certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation.  Based on that assignment, JPMC is

---

[1]Def.'s Ex. 2-A.

[2]Def.'s Ex. 2-B.

[3]Def.'s Ex. 2-C.

the current mortgage servicer of the Note and Deed of Trust.[4]  On July 8, 2009, JPMC notified Ray Huerta that the maturity of the debt had been accelerated and the property would be subject to a foreclosure sale on August 4, 2009.

Plaintiff Hortensia Martinez filed an application for a temporary restraining order in the 285th District Court of Bexar County, Texas, claiming that she purchased the subject property from Ray Huerta on July 10, 2009, and requesting that the state court enjoin the foreclosure sale.  The application also lists additional causes of action as intentional infliction of severe mental distress, negligent infliction of severe mental distress, fraud, deceit, misrepresentation, and conversion.

## Procedural History

The state court issued a temporary restraining order on August 4, 2009, and set a hearing for a temporary injunction on August 18, 2009.[5]  On August, 18, 2009, Defendant timely removed the case to this Court.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.[6]  Defendant moved for summary judgment on all of Plaintiff's claims.[7]  Plaintiff has not responded, and the time to do so has expired.  L.R. CV-7(d) (W.D. Tex.) (setting deadline to respond to motions); FED. R. CIV. P. 6(a), (d) (regarding calculation of deadlines).

---

[4] Def.'s Ex. 2.

[5] *Martinez v. JP Morgan Chase Bank*, No. 2009-CI-2650 (285th Dist. Ct. Bexar County, Tex. Aug. 4, 2009) (TRO) (attached as Ex. A-3 to Notice of Removal).

[6] Notice of Removal, Aug. 18, 2009 (Docket Entry No. 1).  Martinez is a resident of Texas and JPMC is designated by its articles of association as an Ohio entity.  The property that is the basis for the suit has a value greater than $75,000.

[7] Def.'s Mot. for Summ. J., Mar 26, 2010 (Docket Entry No. 9).

**Legal Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). A motion for summary judgment cannot be granted simply because there is no opposition. *Ford-Evans v. Smith*, 206 Fed. Appx. 332, 334 (5th Cir. 2006).

**Analysis**

Martinez's pleadings before the state court do not assert any facts supporting her claims. JPMC moves for summary judgment on Martinez's claim for wrongful foreclosure. Under Texas law, a claim for wrongful foreclosure requires: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Here, no foreclosure sale had occurred. As a result, Martinez cannot assert a claim for a wrongful foreclosure.

In her application for the temporary restraining order, Martinez complained that she was not provided notice of the foreclosure sale. "As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex.

1988). Martinez is not a party to Huerta's transactions regarding the mortgage. As a result, she is not entitled to notice of the foreclosure.

Martinez does not assert any facts to support her claims for intentional infliction of emotional distress,[8] negligent infliction of emotional distress,[9] fraud, deceit, misrepresentation,[10] and conversion.[11] Moreover, she has not responded to any discovery requests posed by JPMC. With no cause of action, Plaintiff has no basis to support her request for injunctive relief.

---

[8] "[I]ntentional infliction of emotional distress occurs when: (1) a person acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the person's actions caused another person's emotional distress; and (4) the emotional distress suffered by the other person was severe." *Bradford v. Vento*, 48 S.W.3d 476, 758 (Tex. 2001).

[9] Texas does not recognize a cause of action for negligent infliction of emotional distress. *See Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993).

[10] The elements of common law fraud are:
> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Allstate Ins. Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001))

[11] To assert a claim for conversion, a plaintiff must show:
> (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.

*Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758–59 (Tex. App—Dallas 2008, no pet.) (citing *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.))

## Conclusion

Defendant has met its burden to show that there is no genuine issue of material fact. Plaintiff has failed to even assert facts that would create a material issue of fact for trial. As a result, Defendant's motion for summary judgment is GRANTED in its entirety.

It is so ORDERED.

SIGNED this 3rd day of May, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE